# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

NuCoat, Inc.,

              Plaintiff,

v.

Cobra Flex Printers, LLC, and Christopher D. Breazeale,

              Defendants.

Case No. 25-CV-01005-KMM-DJF

**PROTECTIVE ORDER**

---

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 24). The Court **APPROVES** the parties' Stipulation **IN PART**.[1] Based on the Stipulation and for good cause shown, the following shall govern discovery in this case:

1.    **Definitions**: As used in this Protective Order:

    (a)    "Attorney" means an outside attorney who has appeared in this action;

    (b)    "Confidential document" means a document designated as confidential under this Protective Order;

    (c)    To "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d)    "Document" means information disclosed or produced in the above- captioned matter, including at a deposition, and including all information included in the definition of "Discovery Material";

---

[1] Material changes to the parties' proposal are highlighted for ease of reference.

(e)     "Notice" or "notify" means written notice;

(f)     "Party" means a party to this action;

(g)     "Protected document" means a document protected by a privilege or the work-product doctrine; and

(h)     "Discovery Material" means documents (including without limitation any written, recorded, electronically-stored or graphic material), depositions, deposition transcripts, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of premises, facilities, and physical evidence, and any other information produced, given or exchanged, by and among the parties and non-parties to this action.

**2.      Designating a Document or Deposition as Confidential.**

(a)     A party or non-party disclosing or producing a document or material may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b)     A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c)     Deposition testimony may be designated as confidential:

(1)     on the record at the deposition; or

(2)     after the deposition but within thirty (30) days of receipt of the deposition transcript, by promptly notifying the parties and those who were present at the deposition.

2

(d)    If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.    Who May Receive a Confidential Document.**

(a)    A confidential document, along with the information contained in the confidential document, may be used only in this action.

(b)    No person receiving a confidential document may reveal it or its contents, except to:

(1)    the court and its staff;

(2)    outside counsel of record, including other attorneys and staff at the law firm of counsel of record;

(3)    a person shown on the face of the confidential document to have authored or received it;

(4)    any person who is a potential fact witness in this action, provided that confidential document was produced by such person or their employer;

(5)    a court reporter or videographer retained in connection with this action;

(6)    third-party e-discovery, copying or other document vendors under the direct supervision of outside counsel of record in this litigation;

(7)    employees, officers, directors, and owners of a party who have a need to see the confidential document strictly for purposes of this action (subject to paragraph 3(c));

(8)    a mediator approved and retained by all parties; and

(9)    any person who:

(A)    is retained to assist a party or attorney with this action;

(B)    follows the procedure for notice of disclosure as set forth in Paragraph 4 of this Protective Order; and

(C)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *NuCoat, Inc. v. Cobra Flex Printers, LLC and Christopher D. Breazeale*, No. 25-cv-01005, in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

(c)    The parties shall have the right to further designate confidential documents or materials, or portions thereof, as "Confidential – Attorneys' Eyes Only" when such documents or materials contain highly sensitive business or technical information. Disclosure of such information shall be limited to the persons designated in paragraphs 3(b)(1), (2), (3), (5), (6), (8), and (9).

(d)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

(e)    Nothing in Section 3 shall be interpreted to preclude any party or non- party producing documents under this Protective Order from sharing its own Confidential information with its employees or with third parties.

4.    **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order and of Local Rule 5.6.

4

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential. Any party receiving such an inadvertently unmarked document shall make reasonable efforts to retrieve that document and substitute it with a document with the corrected designation.

6. **Use of a Confidential Document in Court.**

   (a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.6.

   (b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

   (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

   (b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

   (c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or

non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8.    **Handling a Confidential Document after Termination of Litigation.**

(a)    Within sixty (60) days after the termination of this action (including any appeals), each party must:

    (1)    return or destroy all confidential documents; and

    (2)    notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b)    Notwithstanding paragraph 8(a), each attorney may retain an archival copy of all pleadings, motion papers, deposition or court transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall remain subject to this Protective Order.

9.    **Disclosure or Production of a Protected Document.**

(a)    The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b)    Notice to disclosing or producing party or non-party by receiving party or non-party. A party who discovers that it may have received an inadvertently disclosed or produced

protected document must promptly, and in no circumstances later than two business days after discovering the confidential document, notify the disclosing or producing party or non-party.

(c) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

(d) Nothing contained herein is intended to or shall serve to limit a producing party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**10. Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11. Survival of Obligations.** The obligations imposed by this Protective Order survive the termination of this action. The Court retains jurisdiction to enforce this Stipulated Protective Order even after final disposition of this litigation. The parties hereto reserve all rights to apply to the Court at any time after final disposition for an order seeking further protection against use of information produced during this civil action.

**12. Modification.** Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking further provisions enhancing or limiting confidentiality as may be appropriate.

7

**IT IS SO ORDERED.**

Dated:  April 22, 2025             *s/ Dulce J. Foster*
                                   Dulce J. Foster
                                   United States Magistrate Judge